IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEDALITE ARCHITECTURAL PRODUCTS,

                          Plaintiff,

     v.

PINNACLE ARCHITECTURAL LIGHTING, INC.,

                          Defendant.

OPINION and ORDER

08-cv-558-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this action for monetary and injunctive relief, plaintiff Ledalite Architectural Products alleges that defendant Pinnacle Architectural Lighting, Inc.'s recessed flourescent lighting fixtures infringe its design patents, United States Patent Nos. D556,358 (the '358 patent) and D572,858 (the '858 patent). Now before the court is defendant's motion to dismiss the case for lack of personal jurisdiction or in the alternative to transfer venue to the United States District Court for the District of Colorado under 28 U.S.C. § 1404(a).

Defendant's motions will be denied. Its motion to dismiss for lack of personal

---

[1] Currently, not all parties have indicated whether they consent to the jurisdiction of the magistrate judge. For the purpose of addressing the current motions, I have assumed jurisdiction over the cases temporarily.

1

jurisdiction will be denied because plaintiff has made a prima facie showing that defendant has sufficient contacts with the state to satisfy due process concerns in this case. As for the motion to transfer, defendant has failed to show that transfer to Colorado is clearly more convenient, particularly in light of the fact that plaintiff is a direct competitor that would likely face delay in resolving its patent infringement suit if the case were transferred.

A. Motion to Dismiss for Lack of Personal Jurisdiction

Although generally the question whether a court may exercise personal jurisdiction over a defendant requires the court to consider both the state's long-arm statute and the due process clause, defendant has narrowed the issue by accepting for the purpose of its motion that it is subject to jurisdiction under Wisconsin's long-arm statute. This leaves the due process analysis; because this is a patent infringement suit, the law of the Federal Circuit applies. Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1564-65 (Fed. Cir. 1994).

Due process concerns are satisfied in either of two ways: when a defendant's contacts with the state are so "continuous and systematic" that it could expect to be sued in the state even on unrelated matters, Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984), or when a lawsuit "arises out of or relates to" activities that defendant has purposefully directed at the forum state, Electronics for Imaging, Inc. v. Coyle, 340 F.3d

2

1344, 1350 (Fed. Cir. 2003) (citations omitted).  The latter, known as "specific jurisdiction," is met when "there exist sufficient 'minimum contacts' such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc., 444 F.3d 1356, 1361 (Fed. Cir. 2006) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-78 (1985)). The crucial inquiry is whether the defendant's contacts with the state are such that it should reasonably anticipate being haled into court because it has "purposefully availed" itself of the privilege of conducting activities in the forum state, invoking the benefits and protections of the state's laws.  Burger King Corp., 471 U.S. at 474.

Plaintiff's evidence of minimum contacts is sparse, but at this stage, the standard is fairly low.  Because I am deciding the issue of personal jurisdiction on the submission of written materials alone, plaintiff "need only make out a prima facie case of personal jurisdiction." Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003); Hyatt International Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002). In evaluating whether the prima facie standard has been satisfied, plaintiff "is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." Purdue Research Foundation, 338 F.3d at 782; RAR, Inc. v. Turner Diesl, Ltd., 107 F.3d 1272, 1275 (7th Cir. 1997).

Plaintiff has not submitted any evidence that defendant ever sold its products directly in Wisconsin; however, it has uncovered a website of Spectrum Lighting, Ltd., a company that describes itself as a "manufacturers representative covering the territory of Wisconsin and the Upper Peninsula of Michigan." On the website, Spectrum Lighting provides a list of manufacturers under the heading "Linecard" that includes defendant, provides a description of defendant's products ("asymmetrical indirect, recessed and suspended fluorescent lighting") and provides a link to defendant's website.

Plaintiff asserts that the website shows defendant "offers to sell" infringing products in Wisconsin "through" Spectrum Lighting. Although the exact role of Spectrum Lighting regarding the sale of defendant's products remains unclear, it is reasonable to infer from plaintiff's submissions that Spectrum Lighting is an independent sales representative located in Wisconsin that is authorized to, and does, sell defendant's line of "asymmetrical indirect, recessed and suspended fluorescent lighting" in Wisconsin. Rather than deny plaintiff's assertion, defendant simply attacks plaintiff's proof as falling short of showing an actual offer to sell because Spectrum Lighting's website only links to defendant's website, which contains no pricing information. The presence of a local company holding itself as a local "representative" of defendant's recessed lighting fixtures and defendant's failure to deny that the company plays the likely role of salesperson has persuaded me that plaintiff has made the required prima facie showing that defendant has sufficient contacts within the state to

4

allow the court to exercise personal jurisdiction over it in this case. If defendant remains concerned about the possibility that this court may not exercise personal jurisdiction over it, it may renew its motion after plaintiff has had an opportunity to perform discovery on this issue.

Defendant appears to suggest that regardless whether Spectrum Lighting is offering to sell defendant's allegedly infringing products, defendant cannot be sued in this state because it is one step removed from Spectrum Lighting's sales. However, even if defendant's only ties with Wisconsin are its dealings with Spectrum Lighting regarding those sales, those contacts are sufficient to establish specific jurisdiction because they are activities directed at Wisconsin that are related to plaintiff's allegations that defendant induced or contributed to others' infringement.

Once a plaintiff has shown sufficient minimum contacts to satisfy due process, a defendant may attempt to establish that jurisdiction would nonetheless be unreasonable. Burger King, 471 U.S. at 477. Defendant has not attempted to make such a showing. Because I am satisfied that plaintiff has made a prima facie showing that grounds exist for exercising personal jurisdiction over defendant, I will deny defendant's motion to dismiss for lack of personal jurisdiction.

B.  Motion to Transfer Venue

In the alternative to dismissal, defendant has moved to transfer this case to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1404(a). Section 1404(a) allows a district court to transfer a case when the moving party has shown that transfer would serve the convenience of parties and witnesses and promote the interest of justice. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986); see also Roberts & Schaefer Co. v. Merit Contracting, Inc., 99 F.3d 248, 254 (7th Cir. 1996) (question is whether plaintiff's interest in choosing forum is outweighed by either convenience concerns of parties and witnesses or interest of justice). To determine whether transfer is appropriate, the convenience of the parties and the interests of justice should be considered in the context of other considerations, such as the situs of material events, ease of access to sources of proof and plaintiff's choice of forum. Coffey, 796 F.2d at 219 n.3; Harley-Davidson, Inc. v. Columbia Tristar Home Video, Inc., 851 F. Supp. 1265, 1269 (E.D. Wis. 1994); Kinney v. Anchorlock Corp., 736 F. Supp. 818, 829 (N.D. Ill. 1990).

Defendant contends that transfer is appropriate because neither party has any ties with this district while defendant is based in Colorado and the manufacture, marketing and sale of its allegedly infringing products occurs there. Although defendant asserts that Colorado is where its records and witnesses would be located, it does not identify any that it expects to use in the course of this lawsuit. In patent lawsuits, where experts and lawyers

6

end up playing the starring roles, vague mention of "witnesses" and "records" in a given district is not persuasive. Thus, defendant's sole interest in transfer is to litigate in its home forum.

On the other side of the table, the interests of justice weigh in favor of keeping the case in this district. As defendant acknowledges, this case is likely to be resolved more quickly in this court. Moreover, because the parties are direct competitors, plaintiff stands to lose substantially more from a delay in its case.

In a supplement to its reply brief, defendant points out that the Court of Appeals for the Federal Circuit recently found that a district court erred in failing to transfer a case pursuant to § 1404(a). In re TS Tech USA Corp., ___F.3d___, 2008 WL 5397522, *4 (Fed. Cir. Dec. 29, 2008). However, defendant does not identify how that case is analogous to this one, and the facts are very different. In that case, the defendant had identified witnesses and physical and documentary evidence in the transferee district aside from its own interest in litigating in the home forum. Id. at *4. More important, aside from the plaintiff's choice of forum, the only interest asserted by the plaintiff in that case was that several infringing products had been sold in that district (which, as in many cases, would apply to most districts in the nation.) Id. In this case, as in nearly every case before this court, plaintiff has an interest not at issue in TS Tech: speed.

Upon weighing defendant's interest in litigating before its home forum with plaintiff's

7

interest in obtaining a speedy resolution, I am not persuaded that transfer to the United States District Court for Colorado would be "clearly more convenient." Therefore, I will deny defendant's motion to transfer venue.

ORDER

IT IS ORDERED that defendant Pinnacle Architectural Lighting, Inc.'s motion to dismiss for lack of personal jurisdiction and its alternative motion to transfer venue to the United States District Court for the District of Colorado, dkt. #15, are DENIED.

Entered this 7th day of January, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

8